UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS        :
LINES INSURANCE COMPANY,       :
                               :
               Plaintiff,      :
        v.                     :    **DECISION & ORDER**
                               :    18-CV-6384 (WFK)(ST)
                               :
B & B IRON WORKS CORPORATION,  :
                               :
               Defendants.     :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

American Empire Surplus Lines Insurance Company ("Plaintiff") filed this action seeking, inter alia, judgment in the sum of $500,516.00, plus interest, against B&B Iron Works Corporation ("Defendant") in connection with Defendant's breach of a General Commercial Insurance Policy. Plaintiff moved for summary judgment. ECF No. 46. For the reasons stated below, Plaintiff's motion is GRANTED. This matter is hereby REFERRED to Magistrate Judge Steven Tiscione for a Report & Recommendation as to the amount of interest and damages owed on the unpaid premium. Additionally, Plaintiff's request for attorney's fees is hereby REFERRED to Magistrate Judge Steven Tiscione for a Report & Recommendation as to whether attorney's fees are appropriate and, if so, a calculation of the amount of fees owed in this case.

## BACKGROUND[1]

American Empire Surplus Lines Insurance Company ("American Empire" or "Plaintiff") issued a Commercial General Liability insurance policy ("the Insurance Policy") to B&B Iron Works Corporation ("B&B" or "Defendant") from May 2, 2017 to May 2, 2018. *See* Plaintiff Local Rule 56.1 Statement ("Pl. St."), ECF No. 46-15; *see also* American Empire Insurance Policy ("Am. Ins. Policy"), ECF No. 46-4. The Insurance Policy's premium was calculated as a percentage of B&B's gross receipts during the policy period. Initially, the Insurance Policy set a

---

[1] A Court "has broad discretion in how it relies upon and utilizes 56.1 Statements and may always, in its discretion, refer directly to the record evidence itself in deciding a motion for summary judgment." *Genova v. City of Glen Cov*, 13-CV-4088, 2017 WL 9538902, at *2 (E.D.N.Y. May 15, 2017) (citing *DeRienzo v. Metro. Transp. Auth., Metro N. Commuter R.R.*, 237 Fed. App'x 642, 646 (2d Cir. 2007) (summary order). The following facts are drawn from the parties' Local Rule 56.1 Statements, declarations, deposition testimony, and other evidence submitted in support of the motion. *See generally* Plaintiff's Rule 56.1 Statement ("Pl. St."), ECF No. 46-15; Defendant's Rule 56.1 Statement ("Def. St."), ECF No. 46-20. The facts are undisputed or construed in the light most favorable to Defendant, the non-moving party, "with all factual ambiguities resolved and all reasonable inferences drawn in his favor." *Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

1

premium that was based on an estimate of B&B's gross receipts. Am. Ins. Policy. This premium was subject to adjustment if a later audit by American Empire revealed that B&B's actual gross receipts exceeded the initial estimate. *Id*. In relevant part, the terms of the Insurance Policy note that the agreement "is subject to a minimum policy premium . . . . If the policy remains in force until the expiration date of the policy, this minimum policy premium shall apply unless the audit condition of this policy develops a greater premium." *Id*. The Insurance Policy further notes that B&B is "responsible for the payment of all premiums . . ." *Id*. To facilitate auditing and accurate accounting, the Insurance Policy allows American Empire to examine and audit B&B's records during the policy period and up to three years afterward. *Id*.

On May 2, 2017, B&B entered into an agreement with A-1 Brooklyn Brokerage Inc. c/o The Premins Company, Inc. ("Premins"). Signed Agreement for Insurance Coverage, ECF No. 46-24. Under the agreement, B&B would pay Premins a fixed sum of $259,425.00 broken down into monthly installments, in exchange for Premins financing all the premiums in the Insurance Policy. *Id.*

On August 2, 2018, American Empire contracted Overland Solutions, Inc. to audit the financial records of B&B to determine its actual gross receipts during the policy period. Affidavit of Kristofer Graham ("Graham Affidavit"), ECF No. 46-7. This audit determined that B&B owed $500,516.00 in additional premiums under the Policy. Audit Endorsement, ECF No. 46-6. The audit report attributed the difference between the estimated and actual gross receipts to B&B's involvement in large New York City projects during the relevant period. Graham Affidavit. B&B's Accountant, Kristofer Graham, verified Overland Solutions' audit after they physically examined B&B's financial records. *Id.*

2

B&B argues that the 2017 audit was defective, because it "mistakenly states there were no subcontractors when there were approximately over $1,000,000.00 worth of subcontractors during the policy period." Def. St. ¶ 31 (citing 2017 Tax forms for B&B, ECF No. 46-26, Declaration of owner and principal of B&B, Joseph Manzo, ECF No. 46-27). B&B also argues the audit "states no goods or materials were delivered or hauled by employees or owners/operators of B&B, which B&B owner and principal, Joseph Manzo, vehemently denies as untrue." *Id* ¶ 32.

American Empire demanded B&B pay the additional $500,516.00 premium, in writing, on October 12, 2018. Pl. St. ¶14. To date, B&B has not paid American Empire the additional premium and American Empire has incurred attorney's fees totaling at least $93,083.58 in their effort to obtain the allegedly unpaid premiums. *Id.* ¶ 15. As part of their collection efforts, American Empire filed this action, seeking "inter alia judgment in the sum of $500,516.00, plus interest, for the additional premium due and owing by B&B following the premium of B&B's gross receipts in connection with the American Empire Policy, and a declaration of no coverage in the event B&B fails to satisfy the judgement." *Id.* ¶ 22.

During the litigation, American Empire deposed B&B's President Joseph Manzo. At the deposition, Manzo testified that B&B's accountant, Kristofer Graham, handles the audits with insurance companies and has access to B&B's financial documents. Deposition of B&B Iron Works President Joesph Manzo, ECF No. 46-37. Further, Manzo testified that he understood that the initial premium for the American Empire Policy was based on B&B's estimate of its gross receipts for the upcoming year. *Id.* He also noted that the variance between B&B's estimate of its gross receipts for 2017 and its actual gross receipts was due to a busy year, including participating in large New York City area projects that were not anticipated. *Id.*

3

Plaintiff has moved for Summary Judgment, seeking relief in the sum of $500,516.00, plus interest and attorney's fees, for the additional premium Defendant B&B owes under the insurance policy issued by Plaintiff. Plaintiff's Memorandum in Support ("Pl. Mem."), ECF No. 46-16. Defendant B&B denies any contractual relationship with Plaintiff and rejects all claims that it owes Plaintiff additional premiums. Defendant's Memorandum in Opposition (Def. Op."), ECF No. 46-21.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" by citation to materials in the record. Fed. R. Civ. P. 56(a)–(c). A genuine dispute exists if a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001). Courts must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant" when evaluating summary judgment motions. *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation and internal quotation marks omitted). The role of the district court is not to weigh the evidence and to determine the truth of the matter, but rather to answer, "the threshold inquiry of determining whether there is the need for a trial." *Anderson*, 477 U.S. at 249–50.

If the moving party carries its preliminary burden, the burden shifts to the non-movant to raise the existence of "'specific facts showing that there is a genuine issue for trial.'" *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 168 (E.D.N.Y. 2009) (Wexler, J.) (quoting *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence" in support of the non-movant will not alone defeat a summary judgment

motion. *Anderson*, 477 U.S. at 252. Rather, the non-moving party must make a showing sufficient to establish the existence of each element constituting its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) ("[A] complete failure of proof concerning an essential element of the nonmov[ant]'s case necessarily renders all other facts immaterial."). Conclusory statements, devoid of specifics, are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

## DISCUSSION

### I.   B&B Breached the Insurance Policy and Owes the Unpaid Premium

"Insurance policies are contracts and are therefore interpreted according to the rules of contract interpretation." *See Frazer Exton Dev., L.P. v. Kemper Env. Ltd.*, 153 F. App'x 31, 32 (2d Cir. 2005) (summary order). Actions for unpaid insurance premiums are analyzed as breach of contract claims. To state a claim for breach of contract under New York law, the plaintiff must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *see also Skyline Restoration, Inc. v. Great Am. Restoration Servs. Inc.*, 18-CV-5634, 2019 WL 5150207, at *3 (E.D.N.Y. Aug. 5, 2019) (Locke, Mag.).

New York courts have consistently found that the submission of (1) an insurance policy, (2) an audit statement, and (3) an affidavit from a representative of the insurance company as to the additional amount owed, provide sufficient factual support for a prima facie unpaid premium case. *See Evanston Ins. Co. v. Po Wing Hong Food Mkt., Inc.*, 21 A.D. 3d 333 (1stDep't 2005) ("Plaintiff made a prima facia showing of its entitlement to summary judgment as a matter of law by submitting the subject insurance policy, the audit statement and an affidavit from its vice-

5

president, which demonstrated that defendant owed it an additional $38,572.00 pursuant to the audit conducted after expiration of the policy in accordance with the terms of the policy."); *Burlington Ins. Co. v. Casur Corp.*, 123 A.D. 3d 965 (2nd Dep't 2014) ("The plaintiff insurer established its prima facie entitlement to judgment as a matter of law on the complaint by submitting the subject insurance policy, the audit statement and the affidavit of the plaintiff's account's receivables and collections manager."); *The Burlington Ins. Co. v. Firequench Inc.*, 2019 WL 316714 (N.Y. Sup. Ct. Jan. 07, 2019) (finding insurer met prima facie burden by providing an affidavit of a person with knowledge of the matter, a copy of the policy, and the audit statement.).

Here, Plaintiff has established a prima facie case of unpaid insurance premiums. First, Plaintiff has submitted an Insurance Policy laying out the premium calculations, on which both parties agreed. On its first page, the Insurance Policy clearly states, "the first Named Insured shown in the Declarations . . . is responsible for the payment of all premiums." Am. Ins. Policy. The first Named Insured in the Declarations is then clearly labeled as "B & B Iron Works Corp., 2327 McDonald Ave., Brooklyn, NY 11223," the Defendant in this case. *Id.* Furthermore, the Insurance Policy shows that the original $250,00.00 payment was an Advanced Premium based upon $2 million in estimated gross receipts. *Id.* at 3. The Insurance Policy then notes that B&B would owe an increased premium should their gross receipts exceed the $2 million estimate. *Id.* Additionally, the Insurance Policy was signed by B&B's President, *id.*, and the parties' communications further support that they had agreed on the insurance policy, *see* ECF Nos. 46-40, 46-41, 46-42 (displaying negotiations over earned premium payment plan).

Second, Plaintiff has submitted a valid audit summary. Overland Solutions prepared an audit summary on behalf of American Empire showing that during the Insurance Policy's

coverage period B&B had over $6,000,000.00 in gross receipts. Overland Solutions Audit Report, ECF No. 46-5. American Empire then produced an Audit Endorsement showing that B&B's earnings over the period result in an additional premium owed of $500,516.00. Audit Endorsement, ECF No. 46-6. B&B's Accountant, Kristofer Graham, expressed no concerns about the Overland Solutions audit and represented that the audit involved a physical examination of B&B's records, noting that the records provided reflected the actual operations of B&B during the coverage period. Graham Affidavit.

Third, and as the final requirement in their prima facie case, Plaintiff has submitted affidavits from Randy Myers, the Divisional Assistant Vice President of Great American Risk Solutions, American Empire's parent company, attesting that B&B owes $500,516.00 in additional premium under the Insurance Policy. Affidavit of Randy Myers in Support, ECF No. 46-3, ¶ 14–16. Accordingly, this Court is satisfied that American Empire has proven a prima facie unpaid insurance premium case against B&B.

B&B has failed to raise any material factual disputes that rebut American Empire's prima facie case. To rebut the existence of a contract, B&B submitted documents demonstrating a separate agreement between B&B and Premins. *See, e.g.*, Declaration of Steven R. Yuniver in Support of Defendant's Motion for Summary Judgment, ECF No. 46-18 (providing overview of Defendant's submissions). These documents were produced by American Empire to B&B in response to discovery demands in the instant case, since they were part of American Empire's underwriting file. Reply Affidavit of Randy Myers in Further Support of Plaintiff's Motion for Summary Judgment, ECF No. 46-39, ¶¶ 5–6. But an agreement between B&B and a third-party is irrelevant to the question of whether B&B contracted with American Empire and does nothing to dispute American Empire's prima facie case. Next, B&B challenges the audit's veracity

7

through an affidavit of B&B's President arguing that the audit was defective because it stated that B&B had not engaged in subcontracting when B&B in fact had incurred $1,000,000.00 in subcontracting expenses. Deceleration of Joseph Manzo, ECF No. 46-19. However, this bare assertion is contradicted by B&B's own accountant, who verified the accuracy of the Overland Solutions Audit. *See* Graham Affidavit. While B&B claims that their tax returns dispute the audit report, the returns submitted by B&B show gross receipts for the 2017 calendar year of $5,054,041.00, which are not inconsistent with annual receipts of $6,004,128.00 during the coverage period from May 2, 2017 through May 2, 2018. *See* Overland Solutions Audit Report, ECF No. 46-5; 2017 Tax forms for B&B, ECF No. 46-26. The threadbare assertions of B&B's President do not raise a material dispute sufficient to defeat Plaintiff's motion for summary judgment.

Accordingly, this Court is satisfied that there is no material factual dispute as to whether B&B owes American Empire unpaid premiums pursuant to the Insurance Policy. Finding that B&B breached the Insurance Policy and owes American Empire the unpaid premium plus interest, the Court hereby REFERS this matter to Magistrate Judge Steven Tiscione for a calculation of the exact damages and interest owed by B&B.

## II. The Motion for Attorney's Fees is Referred for a Report & Recommendation

Plaintiff also moves for attorney's fees, alleging that B&B's conduct throughout the litigation was in bad faith and unduly expanded the scope of the litigation. Pl. Mem. at 14–16. Typically, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser." *Alysek Pipeline Service CO. v Wilderness Society*, 421 U.S. 240, 247 (1975). However, a court's inherent power allows it "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32,

45–46 (1991).  In the Second Circuit, "the only prerequisites to a district court imposing monetary sanctions under its inherent power is that a party advanced a colorless claim and did so for improper reasons."  *Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.*, 991 F.3d 361, 369 (2d Cir. 2021) (collecting cases).  However, "[a]n award of sanctions under the court's inherent power must be based on clear evidence and must be accompanied by a high degree of specificity in the factual findings."  *Mickle v. Morin*, 297 F.3d 114, 125–26 (2d Cir. 2002).  "Before imposing sanctions, the court must afford the person it proposes to sanction due process, i.e., notice and opportunity to be heard."  *Id*. at 126.  However, the briefing on this instant motion focused primarily on the underlying contractual claims, not on attorney's fees.  Accordingly, this Court hereby REFERS American Empire's request for attorney's fees and any calculation of such fees if they are found to be warranted to Magistrate Judge Steven Tiscione for a Report & Recommendation.

## CONCLUSION

For the reasons stated above, Plaintiff's motion is GRANTED.  ECF No. 46.  This matter is hereby REFERRED to Magistrate Judge Steven Tiscione for Report & Recommendation as to the amount of interest and damages owed on the unpaid premium.  Additionally, this matter is hereby REFERRED to Magistrate Judge Steven Tiscione for a Report & Recommendation as to whether attorney's fees are appropriate and, if so, a calculation of the amount of fees owed in this case.  The Clerk of Court is hereby respectfully directed to terminate the motion pending at ECF No. 46.

SO ORDERED.

s/WFK

_____

Dated: September 28, 2021      HON. WILLIAM F. KUNTZ, II
      Brooklyn, New York           U.S. DISTRICT JUDGE